IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02340-RM-STV

RORY KRIEGER,

    Plaintiff,

v.

ICTV BRANDS, INC., and
GADSDEN PROPERTIES, INC.,

    Defendants.

## ORDER

Before the Court is the Recommendation by United States Magistrate Judge Scott T. Varholak to dismiss this case without prejudice. (ECF No. 19.) For the reasons below, the Court accepts the Recommendation.

Plaintiff, filed this lawsuit on August 6, 2020, proceeding pro se[1] and asserting various claims against two corporate Defendants. (ECF No. 1.) On November 17, 2020, the magistrate judge issued an Order to Show Cause why the case should not be dismissed for failure to timely effect service on either Defendant. (ECF No. 11.)

The Recommendation to dismiss the case without prejudice was issued on January 12, 2021. (ECF No. 19.) The magistrate judge considered the various documents filed by Plaintiff in response to the Order to Show Cause but found they did not establish that Defendants executed a waiver of service or were served a summons. (*See id.* at 5 ("Plaintiff's responses to

---

[1] A pro se plaintiff's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nonetheless, pro se parties must follow the same rules of procedure that govern other litigants, and courts will not assume the role of advocate for a pro se party. *Id.*

the Order to Show Cause . . . at most demonstrate that Plaintiff mailed Defendants the Requests for Waiver and a copy of the Complaint, [which is] insufficient to satisfy the requirements for waiver of service under Rule 4.").)  In the absence of any indication that Defendants agreed to waive service or a server's affidavit establishing proof of formal service, the magistrate judge concluded that the case should be dismissed without prejudice.

The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation.  The deadline for responding to the Recommendation came and went without an objection.  Plaintiff did, however, file a motion seeking an extension of time for service.  (ECF No. 22.)  The motion was referred to the magistrate judge, who determined Plaintiff had not shown good cause for a further extension of the deadline.  (ECF No. 25.)

More than a week past the deadline to object to the Recommendation, Plaintiff filed his Objections.  (ECF No. 32.)  "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).  In addition to being untimely, the Objections lack the specificity required to meaningfully address the magistrate judge's Recommendation.  The record supports the magistrate judge's determinations that Plaintiff failed to satisfy the requirements for waiver of service under Fed. R. Civ. P. 4(d) or to show good cause for further extension of the deadline to effect service.  *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).  The Court discerns no clear error on the face of the record and finds that the magistrate judge's analysis is sound.  Accordingly, the Court accepts and adopts the Recommendation, which is incorporated into this Order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

On February 3, 2021, Plaintiff filed a renewed motion seeking an extension of time for service through February 27, 2021.  (ECF No. 30.)  Although that motion had not been ruled on, Plaintiff filed a returned summons on March 2, 2021, indicating that service had been accepted on behalf of Defendant ICTV Brands, Inc. by Kelvin Claney.  The Complaint identifies Mr. Claney as the chief executive officer of Defendant ICTV Brands, Inc. (*see* ECF No. 1 at 2), but he is not a Defendant in this case.  The Court has since received a letter from Mr. Claney stating that he is no longer associated with Defendant ICTV Brands, Inc., and that "at the time of the delivery of the court documents, I was neither the CEO nor an employee, officer, or director of ICTV Brands, nor did or do I have authority to accept service of process on behalf of ICTV Brands."  (ECF No. 37-1 at 1.)  For present purposes, the Court finds this is a sufficient basis for concluding that granting Plaintiff's renewed motion would be futile.  Therefore, the motion is denied.

On March 10, 2021, Plaintiff filed a motion seeking an extension of time to serve Defendant Gadsden Properties, Inc. until March 16, 2021.  (ECF No. 35.)  As that deadline has now passed without anything being filed, the motion is denied as moot.

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 19), DENIES Plaintiff's renewed motion (ECF No. 30), and DENIES AS MOOT Plaintiff's motion for extension (ECF No. 35).  This case is hereby DISMISSED WITHOUT PREJUDICE, and the Clerk is directed to CLOSE it.

DATED this 6th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge